We'll start with the motion in Bouvier v. Adelson. Good morning. Good morning. I recognize it's somewhat atypical. May I reserve one minute for rebuttal? Yes. Thank you very much. May it please the Court, my name is Daniel Levy. I represented the appellants Yves Bouvier and Emi Invest before the District Court. Judge Pooler considered our emergency motion for a stay, and she granted the motion with respect to use by the appellees of the documents obtained via discovery in Singapore and Paris. We submit she was correct to do that, and that this Court should extend the stay to preclude the appellees from using those documents in Monaco until certain things have occurred. This Court has decided Bouvier's appeal, but more importantly, by that time, the Court in Singapore, the highest court in Singapore, the Court of Appeal, will have decided an important procedural motion that will determine where, if anywhere, the appellees will be able to proceed. This is a problem of the appellees' own making. They began this litigation by instituting a criminal case in Monaco, causing Mr. Bouvier to be arrested there. Then they essentially brought the same litigation in Singapore, using the procedural mechanisms available there, and obtained a worldwide injunction on Mr. Bouvier's ability to... You would want the discovery order issued in the United States to limit the use of the material discovered to a single proceeding. At this point, we believe that the discovery was wrongly ordered. I understand that. If ordered, you want it limited to a single proceeding. We submit that the unit of measurement for 1782 is the foreign proceeding, and that in order to... How is a judge sitting in the United States going to administer this arrangement or enforce its power when the documents are in the hands of people and turned over to clients that are in another country, and those people want to use it in 10 different countries? The appellees have submitted to the jurisdiction of this court, and the district court can plainly order them to do or not do what it sees fit in order to administer that order. That doesn't get it. Let's say hypothetically the documents are offered into court in Singapore in support of some proposition or another. They become part of the court records. They're offered in open court. How is a district judge here to police it? They theoretically could be available in those circumstances to lots of different people. They could, but a district judge here could order the appellees to use it in the Singapore proceedings and come what may thereafter. But the point is the first instance of the use is subject to an order by a district court here because that's what 1782 requires. Let me try and understand the facts. Your client is accused of one of the largest art fraud schemes in recent times. Correct. Correct, and he's the subject of a proceeding in Monaco, a criminal proceeding instituted by the appellees, and in essence a duplicative case in Singapore. And there's a slightly sort of separate proceeding in Paris that was instituted by someone else, and the discovery doesn't concern Paris, and I think the district court rightly recognized that. And what the appellees did is they proceeded to obtain all the procedural benefits in Monaco that they could. They caused Mr. Bouvier to be arrested. Then they brought, in essence, the same case in Singapore and obtained a Mareva injunction there, all the while avoiding the one jurisdiction that actually bears on the party's relationship, which was Switzerland. And the court of appeal in Singapore basically said that the law of Switzerland applies to this relationship, but that's a forum that the appellees have studiously avoided proceeding in. That's the point of the litigation in Singapore, to force the appellees to pick one place to litigate their case under the law that governs their relationship. And ultimately that's the harm. Is the discovery order issued in the United States the instrument for achieving the goals that you've just outlined, which is to take multinational litigations and congregate them in one forum? I mean, how can you do this through a discovery order? Quite to the contrary. The appellees sought to use it in multiple places, in multiple ways, in Monaco and in Singapore, as well as in Paris. You want to use a discovery order in order to prevent this kind of thing from happening. Assume it's an abuse. How is an American court going to administer that? The American court can simply order that the discovery be used in the proceedings for which the appellees have satisfied the requirements to get discovery. There's no finding that this discovery is being sought for abusive, collusive or pretextual purposes, is there? There's been no finding of that, but I think if the court... You've argued that, essentially. We have argued that if the court reviews... And you didn't get a finding to that effect. If the court reviews the factual findings of the Singapore Court of Appeal, they're paragraphs 108 through 130 of that court's decision, you can be the judge about sort of the manner in which the appellees have proceeded in connection with this litigation. You already have a judge. We do. But the point is the district judge did not analyse, in ordering that the for-use factor had been satisfied with respect to Monaco, didn't analyse the effect that the court of appeal in Singapore's stay had on the litigation, nor did the district court properly analyse whether the appellees could use the documents to their advantage. It's not simply a matter of submitting the documents. They have to be employed with some advantage. The appellees in Monaco have disclaimed any interest... Let's find out. We'll hear you on the report. Thank you. May it please the Court, Daniel Kornstein for appellees. One fact that the court has not heard yet is the documents have been produced already and have been made available to the Monaco investigating magistrate. That's an important fact for the court to consider. We don't think there should be any stay at all as to any of the proceedings and that Judge Pooler's emergency stay should be eliminated, vacated. What is the impact and effect of the emergency stay? Other than to send the issue to a full panel. It limits the use of the documents only to Monaco, but as to the Paris proceeding and the Singapore proceeding, it stays, they're used there. These documents have been filed with a court in Monaco? They've been given electronic access, yes. The Monaco court has electronic access? Yes. Has the Monaco court used its access to access the documents? I do not know the answer to that, Your Honor. We got the documents, some of them we got last month and then towards the end of the month, and they were produced by local counsel in Monaco to the court. In a thumb drive, Your Honor. So the point is there's no basis for the appeal on the merits, there aren't grounds for it, and the attempt to stop the usage of these documents would be inappropriate. Well, you've submitted these documents to Monaco, your adversary is asking to what end? In other words, what advantage do you have or do you seek by submitting these documents in Monaco? You have a right to submit documents, but what do you want with these documents in Monaco? What do you want the court to do with it? What advantage do you seek from it? The documents show the course of conduct between the various actors, including Mr Bouvier, and how the particular conduct occurred over a course of time. I don't know how specific I can be, given the confidentiality orders and the restrictions in the protective order, but it lays out the conduct between Mr Bouvier and... The order issued where? By Judge Furman. I see. With the court's permission, I could go into it. It's an interesting case, but we have other things on the calendar today. Understood. If for any reason the court does think any kind of a stay should be in place, we would like very much the ability, as Judge Furman allowed, to approach Judge Furman to make an application in the event that there is some other proceeding that gets started and we think that the documents would be appropriate for that proceeding or if there's any other reason why we might want in good faith to use them, so that if the court orders... Your filing in Monaco is designed to advance the prosecution of Mr Bouvier? Absolutely, Your Honour. Yes. Right. Can you remind me, the initial application to Judge Furman sought these documents for use where? In three jurisdictions, Your Honour. Monaco, Paris, and Singapore. Paris and Monaco are criminal proceedings. Singapore is a civil proceeding. Thank you, Your Honour. Thank you. If I may, the only interest that the appellees have in using the documents in Monaco is their vague notion of seeking justice, but that cannot make these documents for use and it can't make them an interested party because... It certainly assists someone in a civil case to have the opposite party convicted of a crime. They have to be... In connection with the very transaction. It has to be to their advantage in that case and they have no longer any financial interest in that case. They have waived all of their interest. Their only interest is in justice, as they call it, but the point is it can't be that someone who has no financial interest and only has an interest in seeking what they believe is justice satisfies for use and satisfies the requirement of being an interested party because... Doesn't Monaco allow interested parties to participate in criminal proceedings? It allows interested parties to participate in criminal proceedings, but here they are not interested because they've waived all of their claim for civil damages and they no longer have any interest other than seeking justice. It can't be the rule that an interest in a vague notion of justice satisfies the for use factor and the interested person factor under 1782. If that were the rule, any person out there in continental Europe who believes that there's been public corruption could say, I am seeking justice, I'm going to have discovery in the United States. They have no financial interest in, say, a public corruption case, but they could come to the United States to get discovery. That can't be the rule under 1782. This is a rather unique case because the Singapore court has told them you must, as a condition, discontinue your claims in Monaco as a condition of maintaining litigation in Singapore. It is a rather... It's civil litigation. It is civil litigation, and what the Singapore court identified as the condition was discontinue your action in Monaco. Discontinue your civil claim in the Monaco criminal proceeding. Correct. And that is what they have done. That is what they have done. They no longer have any financial interest in the case. Their only interest in the criminal case is in seeking justice. They can't use the documents to their advantage other than by seeking a criminal conviction, but that has never been held to be for use under 17... Aesthetically, what would have been wrong or amiss about seeking document production in the United States to assist their continuing civil claim in Singapore? The court of appeal in Singapore has stayed the proceedings in Singapore, and there is no permissible discovery that couldn't be taken. That would be plainly circumventing the limitations. They've stayed it pending the abandonment of civil claims in Monaco. They've stayed it entirely for all purposes. That is the terms of the stay order. Until when? Until the court of appeal in Singapore has decided the case. Once they have, there will be a conclusive determination of where this litigation, if anywhere, will continue. I'm not sure I understand how you stay a case until it's decided. What is pending is an appeal of Bouvier's motion to dismiss for forum nonconvenience, which has an element of forum election in it. And what the Singapore court has said is we are staying the case pending a determination about whether the lower...